Magistrate Judge James P. Donohue

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DICKSON LEE,<br><br>Defendant. | NO. CR14-024RAJ<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |

## INTRODUCTION

The United States opposes Defendant Dickson Lee's motion to revisit the Court's Detention Order. On April 1, 2014, after an extensive hearing, this Court found that Mr. Lee posed a substantial risk of flight that "cannot be diminished short of detention." Detention Order (Dk 14). Mr. Lee's current motion offers no new information that has any material bearing on the Court's determination. To the contrary, Mr. Lee's arguments serve to reinforce the very bases the Court cited as reasons for finding that Mr. Lee should be detained. Therefore, the United States respectfully requests that the Defendant's motion be denied.

## ARGUMENT

The Bail Reform Act provides that a detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the

US Response Def's Motion to Reopen Detention/- 1
Dickson Lee, CR14-024RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance" of the defendant. 18 U.S.C. § 3142(f). The only "new" information that Mr. Lee offers in support of release can be summarized as follows:

- In spite of Mr. Lee and L&L Energy, Inc. having publicly severed their relationship, the company remains dependent on Mr. Lee's personal ties with existing and potential business partners in China and need him to facilitate such partnerships; and

- Mr. Lee retains a relationship with L&L by having "recently purchased $1million of L&L Energy stock," and by remaining a guarantor for L&L loans; and

- One letter from an owner of a local restaurant and another letter from a woman in California involved in a charitable organization shows Mr. Lee has greater ties to the U.S. than was revealed at the initial hearing.

Mr. Lee's submission, however, does nothing to materially change this Court's original calculus in finding that detention was warranted. First, Mr. Lee's description of the extent and importance of his business relationships in China simply underscores one of the Court's findings that led to the decision to detain Mr. Lee; namely, that Mr. Lee has extensive business ties in China that would provide the means and incentive for him to flee the United States and never return. The Court's Detention Order specifically found that Mr. Lee had "substantial family and business ties to Taiwan and China. . . China is . . .the situs of the bulk of defendant's business activities." *See* Detention Order at 2. Mr. Lee's argument that L&L needs his personal involvement in facilitating business relationships in China because the relationships are his -- and not the company's -- simply proves the point that Mr. Lee's life and work is centered in China and he has no incentive to remain in the United States.[1]

---

[1] Mr. Lee's claim of continued reliance by L&L on his participation in business dealings in China is frankly surprising and disturbing in light of L&L's own public representations that they had severed all relationship with the defendant. At the April 1st hearing, through its then outside counsel, Mark Bartlett,

US Response Def's Motion to Reopen Detention/- 2
Dickson Lee, CR14-024RAJ

Second, Mr. Lee's claims of continued ties to L&L through his purchase of the company's stock and through the provision of a personal loan guarantee, simply underscores the fact that Mr. Lee has access to substantial wealth. At the initial detention hearing, the United States demonstrated that Mr. Lee had repeatedly directed large sums of money overseas in the time period prior to his arrest. This Court thus found that "Defendant has sent substantial money abroad." Detention Order at 2. The fact that Mr. Lee can spare $1 million toward the purchase of shares and provide a personal guarantee for millions of dollars in loans proves again that he has means that can be used to assist him to flee.

Finally, the letters of support provided by Mr. Lee's acquaintances here in the US do not outweigh other factors indicating ever weakening ties to this area. The Court found on April 1st that Mr. Lee's "substantial family and business ties," including two minor children, are in Taiwan and China, not here. The letters from acquaintances, one from a woman who resides in California, do not materially impact the Court's determination of where Mr. Lee's ties truly reside.

//

//

//

//

---

L&L publicly and emphatically represented that Dickson Lee had resigned from all positions with L&L, and that he had no further involvement with the company. However, Mr. Lee now claims that, in truth, the company continues to rely upon him to facilitate deals in China. This is not what the public, and, especially, its beleaguered investors, had been told.

US Response Def's Motion to Reopen Detention/- 3
Dickson Lee, CR14-024RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

For the reasons stated above, the United States respectfully requests that this Court deny Defendant's Motion to Reopen the Detention Hearing.

DATED this 13th day of May, 2014.

           Respectfully submitted,

           JENNY A. DURKAN
           United States Attorney

           */s/ Katheryn Kim Frierson*
           KATHERYN KIM FRIERSON
           Assistant United States Attorney
           WSBA # 37794
           700 Stewart Street, Suite 5220
           Seattle, Washington 98101
           Telephone: (206) 553-7970
           Facsimile: (206) 553-2502
           E-mail: Katheryn.K.Frierson@usdoj.gov

US Response Def's Motion to Reopen Detention/- 4
Dickson Lee, CR14-024RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

/s/Anna Chang
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Facsimile: (206) 553-4440
E-mail: Anna.Chang@usdoj.gov

US Response Def's Motion to Reopen Detention/- 5
Dickson Lee, CR14-024RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970